S03Y0383. IN THE MATTER OF WOODSON TERRY
DRUMHELLER.
(578 SE2d 893)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Notice of Discipline filed by the State Bar alleging that Drumheller violated Rules 9.4 (a)[1] and 9.3 of Bar Rule 4-102 (d) by surrendering his license to practice law in Virginia on December 15, 2000, in the face of disciplinary charges involving multiple incidents of client neglect and failure to communicate and then by failing to respond to the State Bar of Georgia's investigation of the charges. The maximum penalty for a violation of Rule 9.3 is a public reprimand while the maximum penalty for a violation of 9.4 (a) is disbarment. The State Bar has recommended disbarment as an appropriate sanction for Drumheller's violations and we agree.

We note that because Drumheller was properly served by publication with the Notice of Discipline but failed to timely file a Notice of Rejection, he is in default and has no right to an evidentiary hearing. See Bar Rule 4-208.1 (b). Thus, for all of the reasons set forth above, we find that disbarment is the warranted sanction in this case

---

[1] We note that the Notice of Discipline should have charged Drumheller with violating Standard 67 of Bar Rule 4-102 (d) rather than Rule 9.4 (a) since Drumheller surrendered his license in December 2000, before the January 1, 2001 effective date for the Georgia Rules of Professional Conduct. In any event, the prohibited conduct and the corresponding sanction are the same under either rule.

and Drumheller is hereby disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MARCH 27, 2003.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.